**ADVERSARY, APPEAL**

# U.S. Bankruptcy Court
## Western District of Virginia (Harrisonburg)
## Adversary Proceeding #: 13−05045

*Assigned to:* Judge Rebecca B. Connelly    *Date Filed:* 09/03/13
*Lead BK Case:* 13−50710
*Lead BK Title:* Meghan Bernadette White
*Lead BK Chapter:* 7
*Demand:*
*Nature[s] of Suit:*  61 Dischargeability − 523(a)(5), domestic support
66 Dischargeability − 523(a)(1),(14),(14A) priority tax claims
67 Dischargeability − 523(a)(4), fraud as fiduciary, embezzlement, larceny
65 Dischargeability − other

**Plaintiff**
————————————————————

**William A. White**                             represented by **William A. White**
Roanoke City Jail − #20040199844                 PRO SE
324 Campbell Ave., SW
Roanoke, VA 24016

V.

**Defendant**
————————————————————

**Meghan Bernadette White**                      represented by **Janice Hansen**
29 Willard Court                                 Cox Law Group, PLLC
Stuarts Draft, VA 24477                          900 Lakeside Drive
SSN / ITIN: xxx−xx−9661                           Lynchburg, VA 24501
                                                 (434)845−2600
                                                 Fax : 434−845−0727
                                                 Email: ecf@coxlawgroup.com
                                                 *LEAD ATTORNEY*

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 09/03/2013 | | 1 | Adversary case 13−05045. Complaint by William A. White against Meghan Bernadette White . Fee Amount $293 . Nature of Suit: (61 (Dischargeability − 523(a)(5), domestic support)) ,(66 (Dischargeability − 523(a)(1),(14),(14A) priority tax claims)) ,(67 (Dischargeability − 523(a)(4), fraud as fiduciary, embezzlement, larceny)) ,(65 (Dischargeability − other)) (Morris, Laurrie) (Entered: 09/11/2013) |
| 09/11/2013 | | 2 | Order of Deficiency Adversary Proceeding Signed on 9/11/2013. Pleadings are to be filed pursuant to Local Bankruptcy Rule 7001−1 Due By 9/25/2013.Filing Fee Not Paid Due By 9/25/2013. (Morris, Laurrie) (Entered: 09/11/2013) |

| | | | |
|---|---|---|---|
| 09/13/2013 | | 3 | BNC Certificate of Mailing − PDF Document. (RE: related document(s)2 Order of Deficiency Adversary Proceeding) No. of Notices: 1. Notice Date 09/13/2013. (Admin.) (Entered: 09/14/2013) |
| 09/16/2013 | | 4 | Application/Motion for Waiver of Filing Fee Filed by Plaintiff William A. White (Hensley, Jackie) (Entered: 09/16/2013) |
| 09/16/2013 | | 10 | Matter Under Advisement (RE: related document(s)4 Application to Defer Fee Other Than Case Filing Fee filed by Plaintiff William A. White) (Morris, Laurrie) (Entered: 10/08/2013) |
| 09/20/2013 | | 5 | Letter Filed by William A. White . (Hensley, Jackie) (Entered: 09/20/2013) |
| 09/20/2013 | | 6 | Correspondence to William A. White (RE: related document(s)5 Letter filed by Plaintiff William A. White) (Hensley, Jackie) (Entered: 09/20/2013) |
| 09/20/2013 | | 7 | Application/Motion to Proceed Informa Pauperis Filed by Plaintiff William A. White (Hensley, Jackie) (Entered: 09/20/2013) |
| 09/20/2013 | | 8 | Motion to Extend Time Filed by Plaintiff William A. White (Hensley, Jackie) (Entered: 09/20/2013) |
| 09/22/2013 | | 9 | BNC Certificate of Mailing − PDF Document. (RE: related document(s)6 Correspondence) No. of Notices: 1. Notice Date 09/22/2013. (Admin.) (Entered: 09/23/2013) |
| 09/26/2013 | | 11 | Notice of Appeal to District Court . Fee Amount $298 Filed by Plaintiff William A. White (RE: related document(s)2 Order of Deficiency Adversary Proceeding). Appellant Designation due by 10/23/2013. (Morris, Laurrie) Modified on 11/13/2013 (Morris, Laurrie). (Entered: 10/09/2013) |
| 10/09/2013 | | 12 | Notice of Deficiency for Appeal Costs Not Paid Due By 10/23/2013.Improper style file amended Notice of Appeal Due By 10/23/2013.Names of all parties not given Due By 10/23/2013. (Morris, Laurrie) (Entered: 10/09/2013) |
| 10/09/2013 | | 13 | Notice of Filing Appeal (RE: related document(s)11 Notice of Appeal filed by Plaintiff William A. White) (Morris, Laurrie) (Entered: 10/09/2013) |
| 10/11/2013 | | 14 | BNC Certificate of Mailing − PDF Document. (RE: related document(s)12 Notice of Deficiency for Appeal) No. of Notices: 1. Notice Date 10/11/2013. (Admin.) (Entered: 10/12/2013) |
| 10/11/2013 | | 15 | BNC Certificate of Mailing − PDF Document. (RE: related document(s)13 Notice of Filing Appeal) No. of Notices: 1. Notice Date 10/11/2013. (Admin.) (Entered: 10/12/2013) |
| 10/28/2013 | | 16 | Letter Filed by William A. White (RE: related document(s)11 Notice of Appeal). (Morris, Laurrie) (Entered: 10/28/2013) |

Clerk

US Bankruptcy Court

6 N. Main St

Harrisonburg, VA 22802

FILED-HARRISONBURG, VA
U.S. BANKRUPTCY COURT

SEP - 3 2013

By _____
DEPUTY CLERK

Re: 13-50710

Dear Clerk:

    Enclosed please find a Rule 4007 Complaint and Affidavit in Support of Proof of Claim in the above referenced case.

    I have previously requested forms to establish indigent status and to waive fees.

                      Sincerely,

                      William A White

                      William A White # 20040199844

                      Roanoke City Jail

                      324 Campbell Ave, SW

                      Roanoke, VA 24016

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

FILED-HARRISONBURG, VA
U.S. BANKRUPTCY COURT

SEP - 3 2013

By _____
DEPUTY CLERK

In Re:

Meghan Bernadette White

Case No 13-50710

Chapter 7

RULE 4007 COMPLAINT

Comes Now the Creditor, William A WHITE, and complains pursuant to Rule 4007 f the Federal Rules of Bankruptcy Procedure that his claims against the debtor Meghan ernadette WHITE are non-dischargeable pursuant to USCA 11 § 523 (a)(3)(B), (4), 5), (6) and (10) and moves this Court for a hearing as to same and states as follows:

1) On June 10, 2011, Meghan White filed suit against William White in the Roanoke City Circuit Court for divorce, said suit being docketed as Case No 1100069-00 in said Court.

2) On July 1, 2011, William White responded, making claims including a claim for spousal support.

3) Between January 2012 and March 2012, William White and Meghan White entered into a settlement agreement for spousal support which was commemorated in a written memorandum but was not signed.

4) The sole issue which prevented signature of the agreement was Meghan White's refusal to certify she had retained less than $100,000.00 in assets from the

4

marriage.

5) On March 1, 2012, Meghan White began to implement the terms of the agreement, which were to provide $200.00 in spousal support every two weeks to William White for 15 years, or $78,000.00 total.

6) In exchange for Meghan White's consideration, William White agreed not to bring claims for damages against Meghan White, including:
   a) claims for debts Meghan White incurred using William White's identity, including claims for unpaid state and federal income tax, unpaid city real estate taxes, fines, bad checks, bank fees, and other credit accounts;
   b) claims for fraud and embezzlement of $300,000.00 in gross income Meghan White stated she received from 24 rental properties owned by William White, over which Meghan White had fiduciary responsibility from October 2008 to April 2011;
   c) claims for the physical destruction of an estimated $2.3 million in real property caused willfully and maliciously by Meghan White, primarily after William White attempted to revoke her power of attorney August 15, 2010.

7) Meghan White defaulted on her obligations May 2012, and refused to make further payment.

8) On August 30, 2012, William White filed counter-claim August 30, 2012, in the amount of $2,678,000.00, serving said counter-claim on Meghan White and Wilson Pasley, attorney for Meghan White.

9) These claims are supported by William's White's Affidavit (Exhibit A)

<u>Argument - Supplemental - Motion for Relief From Stay</u>

The automatic stay stopped all actions against Meghan White, including the counterclaim asserted by William A White (11 USCA § 362 (a)). The stay does not stop William White's claim for spousal support (11 USCA § 362 (b)(2)(A)(ii)), but the actions are inextricably linked. Further, my claim is "for cause", properly addresses the property of the marital estate, which is Meghan White's entire property, and, as argued below, is for debts that are non-dischargeable. Therefore, relief should be granted pursuant to 11 USCA § 362 (f)

<u>Argument - Non-Dischargeability</u>

Rule 4007(a) states that "a debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." This complaint must be filed, according to Rule 4007(c), within "... 60 days after the first date of the meeting of creditors..." However, when a debtor has failed to disclose a debt to the Court, this time frame is extended indefinitely.

11 USCA § 523 (a) states that:

"(a) A discharge... under this title does not discharge a debtor from any debt...

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit...

(B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

I do not know if these filings are timely because I have been unable to determine when the meeting of creditors occurred. However, if untimely, as Meghan White clearly did not index my claims, those claims are clearly non-dischargeable.

6

I am claiming three types of debts owed to me:

   1) A debt for spousal support;

   2) A debt for fraud while acting in a fiduciary capacity and embezzlement;

   3) A debt for willful and malicious injury to me and my property.

These claims are pending in the Roanoke City Circuit Court and have not been disposed of. This Court is not being asked to dispose of these claims, but to find them non-dischargeable and allow proceedings as to their merit to continue.

The first debt is a debt of spousal support. 11 USCA § 523 (a)(5) provides that a debt "to a spouse... for alimony to, maintenance for, or support of such a spouse... in connection with a separation agreement..." is non-dischargeable. Meghan White has disputed the separation agreement, claiming it was obtained by extortion. This issue is scheduled for trial October 3, 2013, in the US District court for the Western District of Virginia. I claim Meghan White perjured herself in her complaint, failing to mention the consideration received. Meghan White is under an order from the US District Court to produce her copy of the agreement and relevant discussion.

Virginia law is clear as to the legality of settlement agreements. "Divorcing spouses who are sui juris may bind themselves by contract to pay a specified amount of spousal support and may specify the extent to which a court may modify a spousal support award." Blackburn v. Michael, 30 Va App 95, 515 SE 2d 780 (1999). "Marital property settlements into by competent parties upon valuable consideration for lawful purposes and will be enforced unless their illegality is clear and certain." Palmore v. Palmore No 2033-99-2, 2000 Va App LEXIS 474 (Ct of Appeals, June 27, 2000) Such settlements do not have be signed or written. "Determinations [of validity] should be measured by the same standards used for judging the validity of any contract. The fact that the subject matter is disposition of marital property does nothing to deprive the agreement of its contractual dignity." Parra v. Parra 1 Va App 118, 336 SE 2d 157

(1985) "In Virginia, property settlement agreements are contracts and subject to the same rules of formation, validity and interpretation as other contracts." Smith v. Smith, 3 Va App 510, 351 SE 2d 593 (1986). Contracts in Virginia are generally governed by the Uniform Commercial Code (Va Code §11-1). Va Code §8.2-201 requires "some writing sufficient to indicate that a contract... has been made" Va Code §8.2-202 deals with "confirmatory memoranda", and Va Code §8.2-208 states that where there are "repeated occassions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection shall be relevant to determine the meaning of the agreement."

Here, a contract for spousal support was entered into. Meghan White has claimed she was improperly induced to enter the contract, but has provided no definite explanation as to how, and does not contest that she received valuable consideration. The non-signature of the contract has no legal bearing on the validity of the debt, as the sole cause was disagreement over a term not directly bearing on the spousal support. Further, Meghan White's four payments on the agreement evidence its validity.

As such, the claim for spousal support is non-dischargeable.

In October 2008, Meghan White received power of attorney over my assets, placing her in a fiduciary capacity over 21 houses and apartment buildings, an LLC owned by me and owning some of those properties, 3 plots of land, two bank accounts, and numerous other assets. During the period Oct 17, 2008 to April 20, 2011, Meghan White defrauded me by leading me to believe the status of my affairs was other than it was, primarily through forged documents and false oral statements, by concealing debts she incurred through use of my identity, and by concealing from me her non-payment of state and federal income taxes. She also converted, improperly, some portion of approximately $300,000 in cash proceeds from that business - an embezzlement.

This claim clearly falls under 11 USCA §523(a)(4), which prohibits discharge of a

8

debt incurred "for fraud... while acting in a fiduciary capacity, embezzlement, or larceny." This is properly alleged and the claim should be deemed non-dischargeable and allowed to proceed.

On August 15, 2010, I discovered Meghan White had emptied and closed certain bank accounts of mine. On that day, I informed Meghan White orally that her power of attorney was revoked and that I wished for divorce. I followed these oral statements with written notice.

Between August 15, 2010 and April 20, 2011, Meghan White used her power of attorney to willfully and maliciously destroy the 24 properties entrusted to her care. In particular, she opened the doors of these buildings and invited others to physically destroy these buildings. As a result, buildings were vandalized, set on fire, and turned into dens for a group of heroin dealers and prostitutes. Roanoke City Code Enforcement noted Meghan White was present when the buildings were left open. Meghan White was living with one of the prostitutes involved, and has testified such. As further proof her intent, Meghan White cancelled insurance policies on some properties just before they were set on fire.

Meghan White's use of her power of attorney after it was revoked constitutes "fraud... while acting in a fiduciary capacity" pursuant to 11 USCA § 523(a)(4). 11 USCA § 523(a)(6) states that a debt is non-dischargeable when it is for "willful and malicious injury by the debtor to another entity or to the property of another entity..." Clearly, I allege willful and malicious injury, and this claim should be found non-dischargeable and allowed to proceed to trial.

Lastly, all of these debts were incurred by Meghan White between October 17, 2008 and April 20, 2011. Meghan White clearly believed, from her oral statements, that when she declared bankruptcy May 27, 2011 in Case Number 11-50795, that these claims existed, though, believing her fraud and use of my identity was successful, believed she would not be responsible for them. Her belief that her crimes succeeded is not

9

adequate to explain her failure to index these claims in her prior, Chapter 13 filing. Further, that filing was unknown to me pursuant to 11 USCA § 523(a)(3)(B)(ii). In fact, Meghan White concealed her bankrupt status from me through perjury before the Roanoke City Circuit Court August 31, 2011.

11 USCA § 523(a)(10) provides that a debt is non-dischargeable "that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge..."

Having failed to list these claims in her Chapter 13 Bankruptcy of May 27, 2011, despite some of them having been asserted in Court prior to the approval of her Chapter 13 plan, and despite her knowledge of them, Meghan White waived discharge, leaving these debts undischargeable.

Thus, I move the Court to find my claims undischargeable.

Respectfully Submitted,

William A White

CERTIFICATE OF SERVICE

I hereby certify that this Rule 4007 Complaint was served by me this 10TH day of August, 2013, by mailing it, 1st Class Postage Prepaid, to the Clerk of the Court for filing on the Electronic Filing System, to which counsel for the debtor is subscribed.

William A White

## AFFIDAVIT OF WILLIAM A WHITE IN SUPPORT OF HIS PROOF OF CLAIM

I, William A White, do hereby aver, under penalty of perjury, that the following is true to the best of my knowledge and ability:

1) That Meghan White and I were married May 19, 2006.

2) That I was arrested October 17, 2008, and subsequently transferred to Meghan White power of attorney to manage my affairs.

3) That, on October 17, 2008, I possessed or owned equity in a company, White Homes and Land, LLC, which possessed 24 homes, plots of land, or small apartment buildings in the City of Roanoke, Virginia, the approximate appraised value of which was $2.3 million dollars.

4) That, on October 17, 2008, these properties had generated $15,600 in rental income from October 1 to October 17, 2008, $3910 was due between October 18 and October 31, 2008 and deemed collectable, $810 was due and deemed uncollectable. Vacant apartments potentially worth $5119 were available for rent.

5) Between October 17, 2008 and April 20, 2011, Meghan White provided me false financial information regarding both the properties and our personal finances.

6) Between October 17, 2008 and April 20, 2011, Meghan White misled me into believing she had filed income tax returns reflecting the income of these properties and paid certain taxes when she had not.

7) Between October 17, 2008 and April 20, 2011, Meghan White failed to pay certain debts in my name and incurred new debts using my identity, including debts

11

from bad checks drawn on my accounts and fines for failure to maintain my real property.

8) On August 15, 2010, I was notified that Meghan White had emptied and closed certain bank accounts which she had led me to believe carried a balance. On that day, I orally revoked Meghan White's powers of attorney and asked for a divorce — statements I subsequently confirmed in writing.

9) Despite revocation of her power of attorney, Meghan White took certain steps to physically destroy the 21 buildings on my real property, including unlocking the doors, cancelling insurance policies, and encouraging vandalism. One building subsequently suffered substantial arson damage. Four buildings were turned over to a heroin and prostitution gang affiliated with Meghan White's roommate, Jodi MacFarland.

10) On April 20, 2011, I was released from prison. On that day, the value of some buildings had so deteriorated that, after foreclosure, banks gave them to charity because they could not be sold.

11) That, by Meghan White's estimate, she handled $300,000 in cash between October 17, 2008 and April 20, 2011 — all proceeds from the properties. I have not been able to verify this, but subpoena for bank records has issued from the City of Roanoke Circuit Court. This will not account for cash receipts Meghan White has admitted to handling off the books.

12) On June 10, 2011, Meghan White filed for divorce. The case pends in Roanoke City Circuit Court as White v. White  CL11-001069-00

13) Between June 27, 2011 and July 1, 2011, my answer and responses were docketed. Spousal support was demanded, as was custody of our daughter, Brenna White, and cause for a potential counter-claim was given.

14) On August 31, 2011, a hearing on custody was held in the Roanoke City Circuit Court. Meghan White did not, to my recollection, discuss her ongoing Chapter 13 bankruptcy. A transcript of this proceeding has been made and I was notified it was in the mail to me this morning. During this proceeding, Meghan White admitted her relationship with Jodi Macfarland.

15) Between January 2012 and March 1, 2012, Meghan White and I discussed and arrived at a separation agreement. The terms of the agreement were numerous, but included:

    1) That I and White Homes and Land, LLC, would abandon all claims against Meghan White;

    2) That Meghan White would pay $200 every two weeks for 15 years, or $78,000.00 total, as spousal support.

16) The amount Meghan White would pay was suggested by her. I had suggested she not pay more than 10% of her current take home income. She suggested $200 every two weeks, and refused to disclose her income.

17) That my counsel has advised me he will seek or has sought an order for Meghan White to produce this contract and these conversations.

18) That the agreement was memorandized in writing. It was not signed because I asked Meghan White to aver that she had not retained more

13

than $100,000.00 in assets, and she had not done so.

19) In March 2013, Meghan White informed me she had refused to sign such a statement because she had retained more than $100,000.00 in assets from the marriage.

20) Meghan White made four payments of $200.00 each from March 1, 2012 to May 1, 2012.

21) Meghan White stopped payment on her check for her fifth payment in May 2012 and refused subsequent payment.

22) In May 2012, I left the United States and travelled through Mexico.

23) Meghan White later stated she stopped payment on her check because she believed I was in Iran and making her payments would violate economic sanctions.

24) Meghan White later falsely testified she had been extorted into settling our divorce.

25) On August 30, 2012, I brought counter claim for $2,678,000.00 in damages against Meghan White. Meghan White did not answer the counter claim, and it pends.

And, having so averred, I sayeth no more. Sworn this 30TH day of August, 2013

William A White

William A White

14

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| IN RE:<br><br>Meghan Bernadette White<br><br>Debtor | CASE NO.    13-50710<br><br><br>CHAPTER:    7 |
| Not Designated<br><br>Plaintiff(s)<br>v.<br><br>Not Designated<br>Defendant(s) | ADVERSARY PROCEEDING NO. 13-05045 |

The above-captioned complaint filed on behalf of plaintiff is deficient in the following area(s):

__X__ (1)   Pleadings are to be filed pursuant to **Local Bankruptcy Rule 7001-1.** (See same for proper style, etc.)

__X__ (2)   $293.00 filing fee not paid; cases filed electronically are to be paid by debit or credit card. Cases filed pro se must be paid by cash, cashier's check or money order, payable to Clerk, U.S. Bankruptcy Court or motion for extension of time to pay same pursuant to BR 1006. Personal checks are not accepted.

_____ (3)   Pleading not signed. Please forward one with original signature.

_____ (4)   Exhibits not attached as specified in complaint.

_____ (5)   Adversary Proceeding filed in a **closed** case; a motion to reopen the case must be filed and filing fee paid prior to further processing of the Adversary Proceeding.

_____ (6)   Adversary Proceeding filed in a case that has been **dismissed**; a motion to reinstate the case must be filed prior to further processing of the Adversary Proceeding.

_____ (7)   Pleadings filed on behalf of a corporation **must** be filed by attorney. Refer to **Local Rule 7001-1(B).**

_____ (8)   Counsel not admitted to Bankruptcy Court in Western District of Virginia. Pursuant to **Local Rule 2090-1,** said counsel shall be admitted to practice before this Court or shall associate counsel who is admitted to practice before this Court.

It is accordingly

**O R D E R E D**

that the pleading be retained in the Clerk's office and that no summons be issued until the above deficiencies are cured. Upon failure to cure said deficiencies within fourteen (14) days from the date of this order, or to file a pleading within such time requesting a hearing upon such asserted deficiency(ies), said complaint shall stand dismissed without further notice, hearing or Order.

Service of a copy of this Order shall be made to debtor(s) and counsel for debtor(s); filing party, trustee, and other parties as may be appropriate.

Entered:    September 11, 2013

_Rebecca B Connelly_

_____

**REBECCA B. CONNELLY, JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

IN RE:

Meghan Bernadette White

                                    Case No 13-50710

William A White
        Movant

v.

Meghan B White
        Respondent

FILED-HARRISONBURG, VA
U.S. BANKRUPTCY COURT

SEP 16 2013

By _____
        DEPUTY CLERK

## MOTION FOR WAIVER OF FILING FEES

Comes Now the Movant, William A WHITE, and moves this Court to waive the filing fee for Movant's Motion for Relief From Stay and any others fees in this action and states as follows:

1) Movant is an indigent prisoner, without assets or income.

2) Movant's indigence has been largely caused by Respondent's actions which are the subject of Movant's actions and motions in this case.

3) Movant has filed a complaint asserting non-dischargeability of the debts which are the subject of the Motion for Relief From Stay and the determination of the stayed action White v. White in the Roanoke City Circuit Court would likely resolve the "disputed" nature of the Respondent's contested debt.

—1—

And, thus, the Movant requests that his filing fees in this matter be waived.

Respectfully Submitted,

*William A White*

William A White #20040199844

Roanoke City Jail

324 Campbell Ave, SW

Roanoke, VA 24016

CERTIFICATE OF SERVICE

I hereby certify that I mailed this Motion for Waiver of Filing Fees to the Clerk for posting on the Electronic Filing System, to which Ms. White's Counsel is subscribed, this 12th day of September, 2013.

*William A White*

William A White

-2-

SEPTEMBER 16, 2013

Clerk
United States Bankruptcy Court
116 N. Main St
Harrisonburg, VA 22802

Re: 13-50710

Dear Clerk:

This is to request a copy of Local Bankruptcy Rule 7001-1.
Note that I do not have internet access.
Thank you.

Sincerely,

William A White

William A White #2004019844
Roanoke City Jail
324 Campbell Ave, SW
Roanoke, VA 24016

FILED-HARRISONBURG, VA
U.S. BANKRUPTCY COURT

SEP 20 2013

By_____
DEPUTY CLERK

# United States Bankruptcy Court
## Western District of Virginia

---

Office of the Clerk
United States Courthouse and Federal Building, Room 223
116 North Main Street
Harrisonburg, Virginia 22802

John W. L. Craig, II
Clerk of Court

(540)434-8327
FAX (540)434-9715

September 20, 2013

William A. White #20040199844
Roanoke City Jail
324 Campbell Ave., SW
Roanoke, VA  24016

Mr. White,

    Per your request, please find enclosed a copy of Local Rule 7001-1.

    Sincerely,


    /s/ Jackie Hensley
    Deputy Clerk

Enclosure

# LOCAL RULE 7001-1

<u>Adversary Proceedings - General Requirements for Allowed Paper Filings</u>

A. <u>Venue</u>:  All complaints shall be filed in the divisional office of the Court in which the bankruptcy case is pending.

B. <u>Representation by Counsel</u>:  Any entity, as defined in 11 U.S.C. §101(15), other than a person, must be represented at all times by an attorney who is a member in good standing of the Bar of this Court.

C. <u>Requirements of Form</u>:  All papers offered for filing shall meet the following requirements of form:

　　1. <u>Legibility</u>:  Papers shall be plainly and legibly type-written, printed, or reproduced.

　　2. <u>Caption, Official Forms</u>:  The caption and form of all pleadings, schedules, and other papers shall be in compliance with the Bankruptcy Rules, Official Forms, and Local Rules. Each paper or set of papers filed shall bear the case number of the case to which it pertains.

　　3. <u>Size, Margins, etc</u>:  Papers, including attachments and exhibits, shall be of standard weight and letter (8 ½  by 11 inches) size, photo-reduced if necessary, with a top margin of not less than 1 ½ inches. All multi-page pleadings and documents shall be fastened into sets at the top. All papers presented for filing at the same time shall be arranged in case number order.

　　4. <u>Address and, Telephone Number, and Email Address of Attorney</u>:  The lower left-hand portion of the signature page of the pleading shall include the name, address, telephone number, and email address, if any, of the attorney or *pro se* party filing the same.

D. <u>Additional Requirements</u>:  Each complaint commencing an adversary proceeding must be accompanied by:

　　1. <u>Filing Fees</u>:  the proper filing fee, as prescribed by the Judicial Conference pursuant to 28 U.S.C. 1930(b).

　　2. <u>Original Signature</u>: a properly completed and originally signed Adversary Proceeding Cover Sheet (A.O. Form B-104).  (Upon request, this form will be provided by the Clerk's Office.)

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

In Re:

Meghan Bernadette WHITE

Case No 13-50710

Chapter 7

Not Designated
        Plaintiffs

v.

Not Designated
        Defendants

MOTION TO PROCEED IN FORMA PAUPERIS

Comes Now the Complainant, William A WHITE, and moves this Court for leave to proceed in forma pauperis and states as follows:

1) Complainant is an indigent prisoner.

2) Complainants complaint is meritorious, and a grant of this motion is in the interests of justice.

And so the Complainant shall ever pray. A hearing is requested at the Court's discretion

FILED HARRISONBURG, VA
U.S. BANKRUPTCY COURT

SEP 20 2013

By _____
DEPUTY CLERK

Respectfully Submitted,

William A White

William A White

-1-

CERTIFICATE OF SERVICE

I hereby certify that this Motion to Proceed In Forma Pauperis was placed for mailing, 1st Class postage prepaid, to the Clerk for placement on the Electronic Filing System, to which counsel for Meghan WHITE is subscribed, this 16th day of September, 2013.

William A White
William A White

## AFFIDAVIT IN SUPPORT OF IN FORMA PAUPERIS STATUS

I, William A White, do hereby aver and swear under penalty of perjury that the following is true this 16th day of September, 2013:

1) I am incarcerated.

2) I am unemployed and unable to be employed.

3) I do not have sufficient liquid assets to pay the filing fees in Case No 13-50710 and adversary proceeding 13-05045.

And, having so averred, I sayeth no more.

_William A White_
William A White

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

| | |
|---|---|
| In Re: | |
| Meghan Bernadette WHITE | Case No 13-50710 |
| Debtor | Chapter 7 |
| Not Designated | |
| Plaintiff | |
| v. | Adversary Proceeding No 13-05045 |
| Not Designated | |
| Defendant | |

MOTION FOR EXTENSION OF TIME TO FILE

Comes Now the Complainant. William A WHITE, and moves this Court for a 30 day extension of his time to file in accordance with Local Bankruptcy Rule 7001-1 and states as follows:

1) Complainant does not have access to the Local Bankruptcy Rules.

2) Complainant has requested a copy of the rule from the Court.

3) Should the Clerk be responsive, Complainant will have to receive the rule by mail, digest it, comply and respond by mail. As nine days remain in the Court's original order, an extension is appropriate.

And so the Complainant shall ever pray.

FILED-HARRISONBURG, VA
U.S. BANKRUPTCY COURT

SEP 20 2013

By _____
DEPUTY CLERK

-1-

Respectfully Submitted,

William A White

William A White # 20040199844
Roanoke City Jail
324 Campbell Ave, SW
Roanoke, VA 24016

CERTIFICATE OF SERVICE

I hereby certify that this Motion for Extension of Time to File was mailed, 1st Class Postage prepaid, to the Clerk of the Court for posting on the Electronic Filing System, to which the counsel for Meghan WHITE is subscribed, this 16th day of September, 2013.

William A White
William A White

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

In Re:

Meghan Bernadette WHITE

Case No 13-50710

Judge Connelly

NOTICE OF APPEAL

Comes Now the Creditor, William A White, and notes his appeal to the United States District Court for the Western District of Virginia ~~here~~ of this Court's Discharge of the Debtor, insofar as it discharges any debt claimed by William A White, any order denying the Creditor indigent status or refusing to waive filing fees; any dismissal of the Creditor's Motion for Relief from Stay, and any dismissal of the Creditor's complaint under Rule 4001.

This appeal is made this 22nd day of September, 2013, and is to take effect on the date any of these actions occur, should they not have already occurred.

William A White #20040199844

Roanoke City Jail

324 Campbell Ave SW

Roanoke, VA 24016

RECEIVED AND FILED AT
HARRISONBURG VIRGINIA

2013 SEP 26  A 11: 30

JOHN W.L. CRAIG II. CLK
U.S. BANKRUPTCY COURT

BY

DEPUTY CLERK

-1-

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| In re:    Meghan Bernadette White<br><br>           DEBTOR(S) | CASE NO.  13-50710-RBC<br><br>CHAPTER 7 |
| Not Designated<br><br>           APPELLANT(S)<br><br>    v.<br><br>Not Designated<br><br>           APPELLEE(S) | ADVERSARY NO. 13-05045 |

TO:  William A. White

### NOTICE OF DEFICIENCY

The Notice of Appeal, or other pleading, filed by you in the above matter has been received with the following deficiencies:

__X__    Costs not paid.  $5.00 for filing Notice of Appeal and $293.00 for docketing fee due.  If Interlocutory Appeal with Motion for Leave to Appeal, only $5.00 due at this time.

__X__    Improper style.  Unable to determine the appellant(s) and appellee(s).  Counsel for Appellant(s) must file amended Notice of Appeal with the Clerk, mail copies to all parties and file certificate of mailing with the Clerk.

_____    Insufficient copies to permit compliance with **Bankruptcy Rule 8004.**

__X__    Names of all parties to the appeal, as well as names, addresses, and telephone numbers of their respective counsel not given.

_____    Designation of Items on Appeal not filed properly.  Each item must be listed separately with information to assist the Clerk in compiling the record.  **Example:**

| Date of Entry | Docket Entry No | Description of Docket Entry |
|---|---|---|
| 00/00/00 | 12 | ORDER denying Motion....... |

_____    No copy received of letter to court reporter requesting transcript.  Please refer to **Bankruptcy Rule 8006** for compliance.

_____    Other:

Failure to cure the above deficiencies within fourteen (14) days will result in referral to the Bankruptcy Judge for appropriate action.

Service of a copy of this Notice shall be by mail to the appellant(s); appellee(s); appropriate counsel, and other parties as may be appropriate.

**Dated:  October 9, 2013**

                                    JOHN W. L. CRAIG, II, CLERK


                                    By: /s/ Laurrie Morris
                                         Deputy Clerk

ndapl.frm
11-1-03

3

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| In re:    Meghan Bernadette White | CASE NO.  13-50710-RBC |
| DEBTOR(S) | CHAPTER 7 |
| Not Designated<br><br>APPELLANT(S)<br><br>v.<br><br>Not Designated<br><br>APPELLEE(S) | ADVERSARY NO.  13-05045 |

## NOTICE OF FILING APPEAL

Pursuant to Federal Rules of Bankruptcy Procedure 8001, et seq., a Notice of Appeal was filed in the above-styled matter on September 26, 2013.

Your attention is directed to the Federal Rules of Bankruptcy Procedure and the Local Rules of Court.

Dated:  October 9, 2013

JOHN W. L. CRAIG, II, CLERK

BY: /s/Laurrie Morris
                    Deputy Clerk

Copies to:     William A. White
               Counsel for Debtor
               U. S. Trustee, if applicable
               Case Trustee
               Bankruptcy Judge
               Law Clerk

na.frm

4

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

In Re:

Meghan Bernadette WHITE

Case No 13-50710

Judge Connelly

## NOTICE OF APPEAL

Comes Now the Creditor, William A White, and notes his appeal to the United States District Court for the Western District of Virginia of this Court's Discharge of the Debtor, insofar as it discharges any debt claimed by William A White, any order denying the Creditor indigent status or refusing to waive filing fees; any dismissal of the Creditors Motion for Relief from Stay, and any dismissal of the Creditor's complaint under Rule 4001.

This appeal is made this 22ᵉᵈ day of September, 2013, and is to take effect on the date any of these actions occur, should they not have already occurred.

William A White #Z0040199844
Roanoke City Jail
324 Campbell Ave, SW
Roanoke, VA 24016

RECEIVED AND FILED AT
HARRISONBURG VIRGINIA

2013 SEP 26  A 11: 30

JOHN W.L. CRAIG II, CLK
U.S. BANKRUPTCY COURT

BY _____
DEPUTY CLERK

-1-

5

# U.S. Bankruptcy Court
## Western District of Virginia (Harrisonburg)
## Adversary Proceeding #: 13-05045
### Internal Use Only

*Assigned to:* Judge Rebecca B. Connelly                        *Date Filed:* 09/03/13
*Lead BK Case:* <u>13-50710</u>
*Lead BK Title:* Meghan Bernadette White
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:*   61 Dischargeability - 523(a)(5), domestic support
                       66 Dischargeability - 523(a)(1),(14),(14A) priority tax claims
                       67 Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny
                       65 Dischargeability - other

*Plaintiff*
--------------------
**William A. White**                        represented by **William A. White**
Roanoke City Jail - #20040199844                             PRO SE
324 Campbell Ave., SW
Roanoke, VA 24016


V.

*Defendant*
--------------------
**Meghan Bernadette White**                 represented by **Janice Hansen**
29 Willard Court                                            Cox Law Group, PLLC
Stuarts Draft, VA 24477                                     900 Lakeside Drive
SSN / ITIN: 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                                     Lynchburg, VA 24501
                                                            (434)845-2600
                                                            Fax : 434-845-0727
                                                            Email: ecf@coxlawgroup.com
                                                            *LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 09/03/2013 | ●1 | Adversary case 13-05045. Complaint by William A. White against Meghan Bernadette White . Fee Amount $293 . Nature of Suit: (61 (Dischargeability - 523(a)(5), domestic support)) ,(66 (Dischargeability - 523(a)(1),(14),(14A) priority tax claims)) ,(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)) ,(65 (Dischargeability - other)) (Morris, Laurrie) (Entered: 09/11/2013) |
| 09/11/2013 | ●2 | Order of Deficiency Adversary Proceeding Signed on 9/11/2013. Pleadings are to be filed pursuant to Local Bankruptcy Rule 7001-1 Due By 9/25/2013.Filing Fee Not Paid Due By 9/25/2013. (Morris, Laurrie) (Entered: 09/11/2013) |

| | | |
|---|---|---|
| 09/13/2013 | ◕3 | BNC Certificate of Mailing - PDF Document. (RE: related document(s)2 Order of Deficiency Adversary Proceeding) No. of Notices: 1. Notice Date 09/13/2013. (Admin.) (Entered: 09/14/2013) |
| 09/16/2013 | ◕4 | Application/Motion for Waiver of Filing Fee Filed by Plaintiff William A. White (Hensley, Jackie) (Entered: 09/16/2013) |
| 09/16/2013 | ◕10 | Matter Under Advisement (RE: related document(s)4 Application to Defer Fee Other Than Case Filing Fee filed by Plaintiff William A. White) (Morris, Laurrie) (Entered: 10/08/2013) |
| 09/20/2013 | ◕5 | Letter Filed by William A. White . (Hensley, Jackie) (Entered: 09/20/2013) |
| 09/20/2013 | ◕6 | Correspondence to William A. White (RE: related document(s)5 Letter filed by Plaintiff William A. White) (Hensley, Jackie) (Entered: 09/20/2013) |
| 09/20/2013 | ◕7 | Application/Motion to Proceed Informa Pauperis Filed by Plaintiff William A. White (Hensley, Jackie) (Entered: 09/20/2013) |
| 09/20/2013 | ◕8 | Motion to Extend Time Filed by Plaintiff William A. White (Hensley, Jackie) (Entered: 09/20/2013) |
| 09/22/2013 | ◕9 | BNC Certificate of Mailing - PDF Document. (RE: related document(s)6 Correspondence) No. of Notices: 1. Notice Date 09/22/2013. (Admin.) (Entered: 09/23/2013) |
| 09/26/2013 | ◕11 | Notice of Appeal to District Court Court . Fee Amount $298 Filed by Plaintiff William A. White (RE: related document(s)2 Order of Deficiency Adversary Proceeding). Appellant Designation due by 10/23/2013. (Morris, Laurrie) (Entered: 10/09/2013) |
| 10/09/2013 | ◕12 | Notice of Deficiency for Appeal Costs Not Paid Due By 10/23/2013.Improper style file amended Notice of Appeal Due By 10/23/2013.Names of all parties not given Due By 10/23/2013. (Morris, Laurrie) (Entered: 10/09/2013) |

Clerk

United States Bankruptcy Court

116 N. Main St

Harrisonburg, VA 22802


Re: Transmittal of Notice of Appeal  13-50710-RBC


Dear Clerk:

    I am today in receipt of your Notice of Deficiency in this matter.

    My appeal is in regard to your determination of deficiencies in this matter.

    Please transmit the appeal to the US District Court. In the alternate, I shall move for Writ of Mandamus.


                Sincerely,

                _[signature]_


RECEIVED AND FILED AT
HARRISONBURG VIRGINIA

2013 OCT 28  P 12:14

JOHN W.L. CRAIG II, CLK
U.S. BANKRUPTCY COURT
BY [signature]

32