IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WILLIAM A. WHITE, ) | |
| ) | |
| ) | |
| Appellant, ) | Civil Action No.: 5:13cv00103 |
| ) | |
| v. ) | |
| ) | |
| MEGHAN BERNADETTE WHITE, ) | By: Hon. Michael F. Urbanski |
| ) | United States District Judge |
| ) | |
| Appellee. ) | |
| ) | |

## MEMORANDUM OPINION

In this matter, William A. White ("White"), pro se, has filed a "notice of appeal" on decisions not yet rendered by the Bankruptcy Court. This court lacks jurisdiction and will **DISMISS** the appeal.

### I.

The bizarre procedural posture of this case ultimately dictates the result. In essence, the matter as presently before the court does not present any decision for review. This fact is demonstrated by a review of the Bankruptcy Court proceedings.

White, who is currently incarcerated, first became actively involved in the underlying bankruptcy proceedings when he filed a motion for relief from stay, seeking a release from the automatic stay generated by the bankruptcy of Meghan Bernadette White ("Meghan White").[1] That motion was received by the Bankruptcy Court on August 19, 2013. That same day, the Honorable Rebecca B. Connelly, United States Bankruptcy Judge, issued an order noting that the motion was deficient for (1) failure to pay the filing fee of $176.00 and (2) failure to attach a notice of hearing.

---

[1] It appears that Meghan White, the appellee, is the estranged ex-wife of the appellant.

The order stated that the motion would be dismissed without further action unless, within fourteen days, the deficiencies were cured or a pleading was filed requesting a hearing upon the asserted deficiencies. On August 28, 2013, White mailed his proof claim and requested "indigent forms" in order to apply for a fee waiver as to his claims and his motion for relief from stay. He also requested that he be provided with court dates for September 2013 so he could file a notice of hearing. In response to this pleading, a deputy clerk sent White a letter stating (1) that a fee was not necessary for filing a claim, and (2) that a filing fee was required from any creditor when filing a motion for relief from stay and that he was required to pay that fee. As to court dates, the letter directed White to the court's website. White responded to this letter with two motions. The first, received by the Bankruptcy Court on September 16, 2013, was a motion for wavier of all filing fees, specifically including the filing fee for his motion for relief from stay. The second, received September 18, 2013, was a motion for extension of time to file a notice of hearing as to his motion for relief from stay. On October 8, 2013, the Bankruptcy Court entered a docket entry reflecting that these motions were taken under advisement. The deputy clerk backdated this entry to September 16, 2013.[2] The Bankruptcy Court has not ruled on either motion.

Parallel to these matters related to White's motion for relief from stay, White filed a complaint pursuant to Fed. R. Bankr. P. 4007 ("Rule 4007 complaint"). In his Rule 4007 complaint, which the Bankruptcy Court received on September 3, 2013, White asserts that certain debts that Meghan White allegedly owes him are nondischargeable. On September 11, 2013, Judge Connelly issued an order noting that the complaint was deficient for (1) being a pleading not filed pursuant to Local Bankruptcy Rule 7001-1, and (2) failure to pay the filing fee of $293.00. The order stated that the complaint would be dismissed without further action unless, within fourteen days, the

---

[2] Given that the second of these two motions was not received until September 18, 2013, this likely an error.

2

deficiencies were cured or a pleading was filed requesting a hearing upon the asserted deficiencies. As previously noted, on September 16, 2013, the Bankruptcy Court received White's motion for waiver of filing fees. On September 20, the Bankruptcy Court received several additional pleadings from White, specifically: (1) a letter requesting a copy of Local Bankruptcy Rule 7001-1, (2) a motion to proceed *in forma pauperis*, and (3) a motion for extension of time to file.[3] A deputy clerk sent him a copy of Rule 7001-1 pursuant to his request that same day. The Bankruptcy Court has not ruled on either motion filed September 20, 2013, or his Rule 4007 complaint.

On September 26, 2013, the Bankruptcy court received a pleading from White entitled "notice of appeal." For whatever reason, the clerk did not enter this pleading on the docket until October 9, 2013. White's "notice of appeal" states as follows:

> Comes Now the Creditor, William A White, and notes his appeal to the United States District Court for the Western District of Virginia of this Court's Discharge of the Debtor, insofar as it discharges any debt claimed by William A White, any order denying the Creditor indigent status or refusing to waive filing fees, any dismissal of the Creditor's Motion for Relief from Stay, and any dismissal of the Creditor's complaint under Rule 4001.[4]
> This appeal is made this 22nd day of September, 2013, **and is to take effect on the date any of these actions occur**, should they not have already occurred.

Dkt. No. 1-2, at 26 (emphasis added).

With the exception of the initial orders noting the deficiencies in White's motion for relief from stay and Rule 4007 complaint, the Bankruptcy Court never entered any judgment, order, or decree. The Bankruptcy rendered no decision on the dischargeability of any debt owed by White

---

[3] It is not entirely clearly from White's motion for extension of time to file what filing deadline he was seeking to extend.

[4] Fed. R. Bankr. P. 4001 relates to relief from the automatic bankruptcy stay.

and/or his or his Rule 4007 complaint,[5] his indigent status, his request for waiver of filings fees, or his motion for relief from stay/Rule 4001 motion. Despite the absence of any event referenced by the triggering language in White's (improper) attempt to preemptively appeal any adverse ruling by the Bankruptcy Court, this case was transfer to this court on appeal.[6]

## II.

This court's jurisdiction over Bankruptcy appeals is governed by 28 U.S.C. § 158(a), which provides as follows:

> The district courts of the United States shall have jurisdiction to hear appeals
>   (1) from final judgments, orders, and decrees;
>
>   (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
>   (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

---

[5] The Bankruptcy Court did enter an order on September 17, 2013, finding that Meghan White was a debtor entitled to discharge under 11 U.S.C. § 727. "[A] discharge extinguishes the debtor's liability only with respect to dischargeable debts, and does not resolve the separate issue of whether particular debts . . . have been discharged." In re Forman, No. CA-97-18383-SSM, 1999 WL 33430035, at *1 n.1 (Bankr. E.D. Va. Mar. 2, 1999), aff'd sub nom. Paul v. Forman, 260 B.R. 758 (E.D. Va. 2099), aff'd sub nom. In re Forman, 217 F.3d 838 (4th Cir. 2000). This order therefore plainly did not "discharge[] any debt claimed by William A White."

[6] On October 9, 2013, a deputy clerk filed both a notice of filing appeal and a notice of deficiency as to White's "notice of appeal." On October 28, 2013, the Bankruptcy Court received a pleading from White stating that his appeal was "in regard to your determination of deficiencies in this matter." To the extent that White was referring to the earlier orders entered by Judge Connelly, no final determination has been made because the Bankruptcy Court has not ruled any of White's motions, including those for fees waivers and extensions of time. To the extent White is referring to the notice of deficiency as to his notice of appeal, because this court lacks jurisdiction to hear any appeal from the Bankruptcy Court at this stage of the proceedings, any deficiencies as to the notice of appeal are immaterial.

Id. "'[A] federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, 'and to dismiss the action if no such ground appears.'" Sheridan v. Reidell, 465 F. Supp. 2d 528, 533 (D.S.C. 2006) (quoting In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998)).

### III.

In his appeal brief filed in this court – which is the only pleading that has been filed in this court – White states that he "brings this consolidated appeal of the dismissal of his Motion for Relief from Stay, Rule 4001 Motion, and his Motion to Proceed In Forma Pauperis, and asks the Court to reverse these dismissals . . . ." Appellant's Br., Dkt. No. 3, at 1. However, as the court's review of the Bankruptcy proceedings makes clear, none of the dismissals White purports to appeal took place. The Bankruptcy Court entered no "final judgments, orders, and decrees" or any other appealable order. As such, this court lacks jurisdiction. Accordingly, the court will *sua sponte* dismiss this case.

An appropriate order will be entered this day. The Clerk is directed to send a copy of this Memorandum Opinion to the pro se appellant and all counsel of record.

Entered: May 19, 2014

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge